Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 2736 | **DATE** | 3/7/2002 |
| **CASE TITLE** | Tracy vs. Jewel Food Stores, Inc. et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ■ Pretrial conference set for 4/11/2002 at 10:30 A.M..
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** American Stores' motion (Doc 105-1) for summary judgment is granted. Discovery cut-off date of March 28, 2002 to stand. Status hearing set for March 28, 2002 is stricken.
(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| ✓ | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |
| SCT | courtroom deputy's initials |

Date/time received in central Clerk's Office

MAR 0 8 2002 — date docketed

Document Number: 118

date mailed notice — mailing deputy initials

U.S. DISTRICT COURT CLERK
02 MAR -7 PM 1:38
FILED-ED 10

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RHONDA TRACY,

    Plaintiff,

vs.

JEWEL FOOD STORES, INC.,
AMERICAN STORES COMPANY,
WAL-MART STORES, INC.,
DOMINICK'S FINER FOODS, INC.,
DRYPERS CORPORATION,
KIMBERLY-CLARK CORPORATION,
and TYCO INTERNATIONAL LTD.,

    Defendants.

99 C 2736

DOCKETED
MAR 0 8 2002

## MEMORANDUM OPINION

Before the court is Defendant American Stores Company's ("American Stores") motion for summary judgment. For the reasons set forth below, the motion is granted.

### BACKGROUND

This lawsuit arises from a patent held by Plaintiff Rhonda Tracy ("Tracy") for certain improvements she made to disposable diapers. Tracy initiated the case on April 26, 1999 against certain manufacturers and retail Defendants she alleged were infringing her patent. On July 16, 1999, the retailer Defendants moved to stay the action as against them and this court granted their motion. Tracy subsequently filed an



amended complaint on April 19, 2000 against Defendants Jewel Food Stores, Inc., ("Jewel Food Stores"), American Stores Company, Wal Mart Stores, Inc., Dominick's Finer Foods, Inc., Drypers Corporation, Kimberly-Clark Corporation, and Confab Holding Corporation. The amended complaint asserted numerous infringement claims against various Defendants.

In Count II of the amended complaint, Tracy alleges that Defendant American Stores infringed the patent-in-suit by directly selling infringing disposable diapers and by inducing and controlling Defendant Jewel Food Stores, Inc. and other stores to sell infringing diapers. Tracy's allegations indicate that she is suing American Stores for direct infringement under 28 U.S.C. § 271(a) and for inducing infringement under 28 U.S.C. § 271(b). American stores now moves for summary judgment against Tracy.

## LEGAL STANDARD

Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). In seeking a grant of summary judgment the moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed.R.

Civ.P. 56(c)). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case." Celotex, 477 U.S. at 325.

Once the movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but "must set forth specific facts showing that there is a genuine issue for trial." Fed.R. Civ.P. 56(e). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts," Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); rather "[a] genuine issue exists when the evidence is such that a reasonable jury could find for the non-movant." Buscaglia v. United States, 25 F.3d 530, 534 (7th Cir. 1994). When reviewing the record, we must draw all reasonable inferences in favor of the nonmovant; however, "we are not required to draw every conceivable inference from the record – only those inferences that are reasonable." Bank Leumi Le-Israel, B.M. v. Lee, 928 F.2d 232, 236 (7th Cir. 1991). With these legal principles in mind, the court turns to the instant motion.

## DISCUSSION

Although she has not expressly stated what subsection of 35 U.S.C. § 271 she is suing American Stores under, Tracy's allegations indicate that she seeks to prove that American Stores is liable either as a direct infringer under 35 U.S.C. § 271(a) or for

inducing infringement under 35 U.S.C. § 271(b). Direct infringement occurs when a company makes, uses, or sells an infringing item. 35 U.S.C. § 271(a). To be liable under 35 U.S.C. § 271(b), an alleged infringer must actively induce another to infringe. Manville Sales Corp. v. Paramount Sys., Inc., 917 F.2d 544, 553-54 (Fed. Cir. 1990); A. Stucki Co. v. Worthington Indus., Inc., 849 F.2d 593, 597 (Fed. Cir. 1988). Inducement is proven with evidence that a company acted in a way knowingly calculated to induce another to infringe, which culminated in infringement. See Clinical Dynamics Corp. v. Dynatech Nevada, Inc., 1994 WL 175026, at *2 (D. Mass. April 13, 1994).

American Stores seeks summary judgment on the grounds that Tracy has gathered no evidence during discovery to establish it committed any acts of infringement. Specifically, American Stores states, both in its brief and in its 56.1(a)(3) statement of facts, that it has not made, sold, used nor offered for sale any diaper product. American Stores also points out that it is the parent company of Jewel Food Stores and that Jewel Food Stores independently determined the diaper products it choose to make, use, sell, and offer for sale without any direction from American Stores. American Stores supports these statements with two affidavits of Larry D.

Anderson ("Anderson")[1] and various exhibits. To overcome American Store's argument that there is a complete absence of evidence connecting American Stores to the alleged infringement of her patent, Tracy must, in her response, affirmatively present some evidence of infringement on the part of American Stores. She fails to do so.

In her 56.1(b)(3)(A) statement, Tracy disagrees with American Stores' factual statements that it does not make, sell, use, nor offer for sale any diaper products and that American Stores' subsidiary, Jewel Food Stores, chose what diaper products to make, use, sell, or offer for sale without any direction from American Stores. However, Tracy does not support her disagreement with these facts with any citations from the record. When responding to a motion for summary judgment, the non-moving party must respond "to each numbered paragraph in the moving party's statement [of material facts], including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relief upon." Local Rule 56.1(b)(3). All relevant facts denied without supporting documentation must be accepted as true provided the facts are "properly supported by references to the record or other evidentiary material." Jupiter Aluminum Corp. v. Home Ins. Co., 225 F.3d 868, 871

---

[1] Anderson is currently the Director of Litigation for Albertson's Inc. and was, prior to that, the Assistant General Counsel for American Stores.

(7th Cir. 2000); see Michas v. Health Cost Controls of Illinois, Inc., 209 F.3d 687, 689 (7th Cir. 2000); Stewart v. McGinnis, 5 F.3d 1031, 1034 (7th Cir. 1993). Accordingly, because Tracy does not support her denials of American Stores' factual statements, which are properly supported, the court deems American Stores' factual statements admitted.

In light of these admissions, Tracy cannot make out her case of infringement against American Stores. American Stores cannot be liable for direct infringement of the patent-in-suit because it does not use, make, or sell infringing diapers. See Mobile Oil Corp. v. Linear Films, Inc., 718 F. Supp. 260, 264-66 (Fed. Cir. 1989). Additionally, American Stores cannot be said to have actively and knowingly induced Jewel to infringe the patent-in-suit, as Jewel has decided what diapers to make or sell without any direction from American Stores. Manville, 917 F.2d at 553-54.

Even if these factual statements were not deemed admitted, Tracy's opposition does not overcome American Stores' motion. Tracy argues that American Stores is liable for infringement via its corporate affiliations with various companies that sell diapers, such as Albertson's, Acme, Jewel, and Sav-on Drugs. Tracy submits evidence documenting some of these corporate affiliations, such as the Form 10Q and Form 10K reports of Albertson's and American Stores, and evidence that some of these stores do in fact sell allegedly infringing diapers. This evidence shows that American Stores is

a wholly-owned subsidiary of Albertson's and that American Stores is the parent company of certain other corporate entities that Tracy argues sell infringing diapers.

Such corporate affiliations, without more, do not provide a basis for liability. The general rule is that parent companies and their subsidiaries are separate corporate structures and one will not be liable for the acts of the other. Mobile, 718 F. Supp. at 270; Trans Pac. Ins. Co. v. Trans-Pacific Ins. Co., 136 F.R.D. 385, 387 (E.D. Penn. 1991). However, courts may disregard the corporate form when a plaintiff meets his burden of showing that exceptional circumstances justify doing so. See A. Stucki, 849 F.2d 593, 596 (Fed. Cir. 1988); Manville Sales Corp. v. Paramount Sys. Inc., 917 F.2d 544, 552 (Fed. Cir. 1990). In deciding whether to disregard the corporate form, courts consider a number of factors. See e.g., The UpJohn Co. v. Syntro Corp., 14 U.S.P.Q.2d 1469, 1472 (D. Del. 1990). A parent company's domination of a subsidiary may be one factor but "even a significant degree of control by a parent over a subsidiary will not suffice to warrant the disregard of separate corporate entities." Syntro, 14 U.S.P.Q.2d at 1472; see Mobile, 718 F. Supp. at 266. Furthermore, courts typically require some sort of showing of fraud or injustice in the defendants' use of the corporate form before disregarding the separateness of corporate entities. Mobile, 718 F. Supp. at 267-69. Tracy has not shown that there are any exceptional circumstances in this case that

justify disregarding the status of American Stores as a corporate entity separate and distinct from its parent company and its subsidiaries.

In sum, we find that Tracy's opposition presents no genuine issue of material fact for trial. Accordingly, American Stores' motion is granted. Any request for fees should be brought by separate motion.

## CONCLUSION

For the foregoing reasons, American Stores' motion for summary judgment is granted.

Charles P. Kocoras
United States District Judge

Dated: March 7, 2002